## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br> ) CIVIL ACTION NO. 1:20-cv-202-KD-B<br> )<br>FORREST BULLIN and )<br>MICHAEL WALKER )<br>　　Defendants. ) | |

### ORDER

This matter is before the Court on Plaintiff State Farm Fire and Casualty Company's Motion for Summary Judgment and exhibits in support (Docs. 30, 31), Defendant Michael Walker's Response (Doc. 33), Defendant Forrest Bullin's Response (Doc. 34), and Plaintiff State Farm Fire and Casualty Company's Reply. (Doc. 35). For the reasons set forth herein, Plaintiff State Farm Fire and Casualty Company's motion is **GRANTED.**

**I.    Background**

Defendant Michael Walker (Walker) alleges in part that on December 19, 2017, while serving as a Sergeant in the Baldwin County Sheriff's Office, Walker went to Defendant Forrest Bullin's (Bullin) home to investigate a criminal matter. (Doc. 1-1). Walker contends Bullin shot him repeatedly with a 12-gauge shotgun, striking Walker "in his left eye, face, and shoulder…" (Id.). Bullin was arrested for this conduct on December 19, 2017 and has remained incarcerated since that time.  (Doc. 31-1 at 7).

On August 28, 2018, Bullin was indicted in Baldwin County Circuit Court for attempted murder of Walker. (Doc. 17 at 1). Bullin was tried and found guilty; Bullin has since appealed.

On October 15, 2019, Walker filed a civil complaint against Walker for the injuries and damages arising out of the facts which form the basis of Bullin's criminal conviction. (Doc. 1-1). Bullin moved to stay the state civil proceeding pending the resolution of his criminal appeal; the state court granted Bullin's motion on April 20, 2020. (Doc. 17 at 2).

On April 2, 2020, Plaintiff State Farm Fire and Casualty Company (State Farm), filed a declaratory judgment in this Court "to determine the rights and liabilities of the parties pursuant to a Homeowners Insurance Policy…State Farm issued to Forrest Bullin." (Doc. 1 at 1). State Farm issued Bullin a Homeowners Insurance Policy (Policy) sometime before the incident in this case occurred. (Doc. 31-1 at 3-4 (Dep. Bullin at 8-9); Doc. 1-2 at 1 (Policy) ("Renewal Certificate-- Homeowners Policy SEP 28 2017 to SEP 28 2018)). Relevant here is that the Policy required Bullin provide State Farm with written notice of an occurrence "as soon as practicable." (Doc. 1-2 at 23 (Policy)). Bullin received the civil complaint against him in December of 2019. (Doc. 31-1 at 13 (Dep. Bullin at 19)). Thereafter, Bullin asked his mother, Claudia Campbell (Campbell) who handled his affairs while Bullin was incarcerated, to contact his State Farm agent about the complaint. (Doc. 31-1 at 8, 15 (Dep. Bullin at 14, 24)). Campbell notified Bullin's State Farm agent of the complaint in February 2020. (Doc. 31-2 at 7 (Dep. Campbell at 25)). And see (Doc. 31-3 at 2 (Loss Report) (letter from State Farm to Bullin memorializing that State Farm received a loss report regarding the incident)).

In September 2021, Defendants moved to stay this case pending resolution of the criminal proceedings against Bullin. (Doc. 17 at 1). This Court denied the motion to stay as to the issue of notice. (Doc. 20 at 3). State Farm now moves for summary judgment on the issue of notice, contending that "[b]ecause Bullin failed to provide timely notice to State Farm, State Farm has no duty to defend or indemnify Bullin against the claims in Walker's lawsuit." (Doc. 31 at 2).

## II.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c)(1)-(4) provides as follows:

> **(c) Procedures.**
> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the non-movant fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In

3

reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter....Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998–999 (11th Cir. 1992).

### III.     Discussion

As an initial matter, because this is a diversity action, state substantive law determines whether State Farm owes a duty to defend and indemnify Defendant Bullin. See Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941); Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005) ("[A] federal court sitting in diversity will apply the choice of law rules for the state in which it sits.") (citation omitted); Grupo Televisa, S.A. v. Telemundo Communications Group, Inc., 485 F.3d 1233, 1240 (11th Cir. 2007) (same). Alabama law applies the doctrine of *lex loci contractus* to contract claims. Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co., 358 F.3d 1306, 1308 (11th Cir. 2004). The parties do not dispute that the Policy was formed in Alabama or that Alabama was the site of the conduct giving rise to the harms alleged in the underlying action. The Court therefore applies Alabama law *infra*. See id. ("The doctrine [of *lex loci contractus*] states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction.") (internal quotation marks and citation omitted).

Here, State Farm filed a motion for summary judgment, arguing it is entitled to a declaration that it does not have a duty to defend or indemnify Bullin because Bullin failed to give timely notice as required by the Policy. (Doc. 31 at 1-2). "Compliance with the notice requirements in an insurance policy is a condition precedent to recovery." Empl'rs Mut. Cas. Co. v. Smith Const. & Dev., LLC, 949 F.Supp.2d 1159, 1169 (N.D. Ala. 2013) (citing Pharr v. Cont'l Cas. Co., 429

4

So.2d 1018, 1019 (Ala. 1983)). The Policy here states Bullin must provide State Farm written notice of an occurrence "as soon as practicable." (Doc. 1-2 at 23 (Policy)). The Supreme Court of Alabama has interpreted "as soon as practicable" "to mean that 'notice must be given within a reasonable time in view of the facts and circumstances of the case.'" Travel Indem. Co. of Connecticut v. Miller, 86 So.3d 338 (Ala. 2011) (citing Haston v. Transamerica Ins. Servs., 662 So.2d 1138, 1141 (Ala. 1995)).

There are no hard and fast rules about what constitutes "a reasonable time in view of the facts and circumstances of the case." Some courts have found that delays of four, six, or eight months were unreasonable as a matter of law. See USF Ins. Co. v. Metcalf Realty Co., Inc., 2013 WL 2443825 (N.D. Ala. 2013) (four month delay unreasonable); Pharr, 429 So.2d at 1019-20 (eight month delay unreasonable); Southern Guaranty Ins. Co. v. Thomas, 334 So.2d at 883, 885 (Ala. 1976) (six month delay unreasonable). Other courts have found that much longer delays in providing notice were not unreasonable. See United States Fid. & Guar. Co. v. Bonitz Insulation Co. of Ala., 424 So.2d 569 (Ala. 1982) (five year delay in providing notice to the insurer was not unreasonable under the circumstances of the case).

When determining whether an insured's delay in giving notice was reasonable, the Court considers two factors: (1) the length of the delay; and (2) the reasons for the delay. Miller, 86 So.3d at 342 (citing United States Fid. & Guar. Co. v. Baldwin Cnty. Home Builders Ass'n, 770 So.2d 72, 75 (Ala. 2000)). The Court does not consider prejudice to the insurer. Id. "[W]here an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice." Baldwin Cnty. Home Builders Ass'n, 770 So.2d at 75 (internal quotations and citations omitted). On the other hand, "'[i]f conflicting inferences [regarding the

reasonableness of the delay] can be drawn from the evidence, the question of reasonableness is submitted to the trier of fact.'" Miller, 86 So.3d at 344 (quoting Baldwin Cnty. Home Builders Ass'n, 770 So.2d at 75). "Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances." Id. (citing Baldwin County Home Builders Ass'n, Inc., 770 So.2d at 75).

"It is undisputed that the [State Farm] policy required [Bullin] to notify [State Farm] of the altercation with [Walker] 'as soon as practicable.'" Nationwide Mut. Fire Ins. Co. v. Estate of Files, 10 So.3d 533, 535 (Ala. 2008). And see (Doc. 1-2 at 23 (Policy)). The incident occurred December 19, 2017, but State Farm did not receive notice of the incident until February 18, 2020. (Doc. 31-2 at 7 (Dep. Claudia Campbell at 25)). Thus, the length of the delay was just over two years; this is "sufficiently protracted as to require the insured to offer evidence of a reasonable excuse for the delay." Estate of Files, 10 So.3d at 535 (finding a five-month delay sufficiently protracted and collecting cases which held four-month, eight-month, and six-month delays were protracted too). The parties do not dispute this fact. Instead, both Bullin and Walker focus their contentions on the reasonableness of this delay—attributing the delay to Bullin's incarceration and Bullin's belief that he was not liable for Walker's injuries.

Because Bullin offered excuses and mitigating reasons for his delay, "the determination of the fundamental issue, whether notice of the occurrence or claim was given to the insurer within a reasonable time, rests on the reasonableness of the delay." Baldwin County Home Builders Ass'n, Inc., 770 So.2d at 75. And see Estate of Files, 10 So.3d at 535 (citing same). "If conflicting inferences can be drawn from the evidence, the question of reasonableness is submitted to the trier of fact. If the facts are undisputed, however, and the insured does not show justification for the

protracted delay, the court may find the delay unreasonable as a matter of law." Id. (citing Thomas, 334 So.2d at 883 and Bonitz Insulation Co. of Alabama, 424 So.2d at 572–73).

First, the Court will consider Bullin's incarceration excuse. According to State Farm, "the defendants response briefs use Bullin's incarceration to suggest that he either (1) was incapable of informing State Farm of the incident while incarcerated or [(2)] did not have access to his policy, and as a result could not read it to understand its effect." (Doc. 35 at 4). Bullin alleges "the fact of his incarceration offers a mitigating circumstance in term[s] of the reasonableness of the delay in notice." (Doc. 34 at 9). Then, Bullin contends he did not possess the Policy, and therefore could not have read the policy, "until August 22, 2019 at the earliest." (Id. at 10). Walker summarily contends "[r]easonable jurors could draw conflicting inferences regarding the reasonableness of the delay in giving notice based on the evidence that Bullin has been incarcerated since the incident occurred." (Doc. 33 at 2).

To the extent Bullin is attempting to argue he could not notify State Farm of the incident while he was incarcerated, this contention is contradicted by his own testimony. (Doc. 31-1 at 7-8, 11 (Dep. Bullin at 13-14, 17)). He testified that he had visitation and telephone privileges while incarcerated; he was able to communicate with his mother to handle his affairs. (Doc. 31-1 at 8, 15 (Dep. Bullin at 14, 24)). This is highlighted by the fact that when he was served with the state court complaint, he did that exactly. (Doc. 31-1 at 11, 15 (Dep. Bullin at 17, 24)). He contacted his mother and asked her to notify State Farm. (Doc. 31-1 at 11, 15 (Dep. Bullin at 17, 24)). So any contention that Bullin could not communicate with State Farm because he was incarcerated is not supported by the record and is therefore not a reasonable excuse.

Similarly, Bullin's contention that he did not have the policy earlier to know whether the incident was covered is unreasonable. Bullin entered into the insurance Policy with State Farm

7

*before* the incident occurred. (Doc. 31-1 at 3-4 (Dep. Bullin at 8-9); Doc. 1-2 at 1 (Policy) ("Renewal Certificate--Homeowners Policy SEP 28 2017 to SEP 28 2018)). In Alabama, "an insured is presumed to be familiar with the provisions of his policy." Hartford Fire Ins. Co. v. Shapiro, 117 So.2d 348, 354 (Ala. 1960). And see Dill v. Colonial Insurance Company of California, 569 So.2d 385, 387 (Ala. 1990) ("If Estes is arguing that his having no copy of his policy should exonerate him [from failing to give notice in accordance with the policy's provisions] as a matter of law, then we must reject this argument."); Big Three Motors, Inc. v. Employers Insurance Company of Alabama, 449 So.2d 1232, 1235-36 (Ala. 1984) (rejecting the theory that "[the *named* insured's] delay was reasonable because it had no knowledge of the existence of the policy until January 1982, and upon discovery thereof, *immediately* notified its insurance agency") (emphasis in original). Accordingly, Bullin's incarceration excuses or mitigation evidence are unreasonable and do not justify the delay here.

Second, the defendants both contend Bullin's belief that he acted in self-defense, and therefore was not liable to Walker, excuse the delayed notice. (Doc. 34 at 7; Doc. 33 at 4). Specifically, Bullin asserts "he did not belie[ve] that Walker would file a claim against him, and he did not believe that there was any reason to notify State Farm prior to the time he was served with the lawsuit." (Doc. 34 at 7). He continues that "[a] good faith belief in non-liability creates a question of fact for resolution at trial by a factfinder." (Doc. 34 at 8).[1] According to Walker, "[t]he

---

[11] Bullin cites cases in support which are clearly distinguishable from the facts at issue here. Bullin first cites CIE Service Corp. v. Smith, 460 So.2d 1244 (Ala. 1984) which dealt with whether a security company's delay in giving notice to the insurer was reasonable. There, an assault and rape occurred in an apartment complex where the security company provided security. CIE Service Corp., 460 So.2d at 1246-47. The court discussed "whether the intentional criminal act was something [the security company], as a matter of law, could have expected or anticipated, would form the basis of a lawsuit against it." Id. at 1247. The security company in this case was not the tortfeasor; the security company only provided security in the building where the criminal conduct occurred. Here, Bullin himself caused Walker's injuries so the analysis is distinguishable. (Doc. 31-1 at 14 (Dep. Bullin at 20)). He also cites Pan Am. Fire & Cas. Co. v. Dekalb-Cherokee Counties Gas Dist., 266 So.2d 763, 773 (Ala. 1972) which involved an unforeseeable, accidental gas explosion. In Pan Am. Fire & Cas. Co., the court reasoned that where a reasonably prudent person does not believe he was liable for an accident, an insured may be excused for delayed notice. 266 So.2d at 773. It continued

fact that Bullin testified that he believed he was acting in self-defense and that he was therefore not responsible for Mr. Walker's injuries is a reasonable excuse for the delay in providing notice." (Doc. 33 at 4).

The Supreme Court of Alabama has held "the test is not a subjective one measured merely by the good faith of the insured, but an objective one." CIE Service Corp. v. Smith, 460 So.2d 1244, 1247 (Ala. 1984). So Bullin's contention that he had a "good faith belief" is not relevant here. Instead, the standard contemplates the objective reasonableness of the delay: "[w]here facts are undisputed and only one conclusion is *reasonably* possible, the question whether or not the insured under a liability policy complied with the requirement of notice is a question of law for the court; but where the facts are disputed or more than one conclusion is *reasonably* possible, the question is one for the jury." Thomas, 334 So.2d at 883 (emphasis added). And see Estate of Files, 10 So.3d at 535 (citing same).

Here, there is no dispute that Bullin shot Walker on December 19, 2017 and that Bullin was immediately arrested and prosecuted for his actions. (Doc. 31-1 at 7, 15-16). Bullin was aware he caused Walker's injuries and knew of said injuries on the day of the incident. (Doc. 31-1 at 14). And, "given the nature of the criminal charges brought against him, he should, as a reasonably prudent person, have recognized the very real possibility that he might be sued…it makes no difference that [Bullin] denies [Walker's] allegations." Nationwide Mutual Fire Insurance Company v. Peterson, 2007 WL 9711975, at *5 (N.D. Ala. May 17, 2007). Bullin was aware of the allegations against him by virtue of his arrest and the underlying criminal prosecution. These

---

"where the insured has no reasonable grounds for believing that any act or omission by it, or any act of its employees was the cause of an injury upon which an action was later based by an injured party against the insured, the insured was held not to be required to give any notice to the insurer under a liability policy requiring notice of an accident to be given 'as soon as practicable' . . .'" As noted *supra*, Bullin knew he caused Walker's injury on the date of the accident. Thus, this case too is distinguishable. See e.g., Nationwide Mutual Fire Insurance Company v. Peterson, 2007 WL 9711975, at *5 (N.D. Ala. May 17, 2007) (distinguishing Alabama cases where criminal conduct was carried out by a third party compared to a direct participant).
9

types of "allegations commonly support civil actions for damages." Peterson, 2007 WL 9711975, at *5. And see State Farm Fire and Cas. Co. v. GHW, 56 F.Supp.3d 1210, 1221 (ultimately holding reasonable minds could differ on the issue of reasonableness because the loss did not occur on the insured's property but stating "a trier of fact could conclude from the evidence that the Weavers knew as soon as their son was arrested in June 2007 that they potentially suffered a covered loss and that failing to notify State Farm until May 2011 was unreasonable."); See Thomas, 334 So.2d at 884–5 (six month delay found unreasonable as a matter of law when offered excuses-insured's belief that no coverage existed, belief that insured not liable for accident, and belief that no suit would be filed-are objectively unreasonable). Thus, the Court cannot conclude that under these circumstances, Bullin's delay in notifying State Farm was reasonable. Therefore, the Court holds as a matter of law that there has been a breach of the condition as to notice; State Farm is entitled to summary judgment. See e.g., Baldwin Cnty. Home Builders Ass'n, 770 So.2d at 75 ("[W]here an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice.").[2]

### IV.   Conclusion

For the reasons discussed herein, Plaintiff State Farm Fire and Casualty Company's motion for summary (Doc. 30) is **GRANTED**.

**DONE** and **ORDERED** this the **6th day of May 2021.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Walker also maintains that because of the criminal prosecution, relevant evidence has been collected and preserved which satisfies State Farm's notice provision requirements. (Doc. 33 at 2-3). To the extent Walker is contending the criminal prosecution achieved one of the purposes of the notice provision, that may be true but prejudice to the insured is not a factor the Court considers in determining the reasonableness of delayed notice. Miller, 86 So.3d at 342.